UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE JACKSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **CHEM CARRIERS, LLC, ET AL.** | **NO. 18-1052-BAJ-RLB** |

## JOINT STATUS REPORT

**A. JURISDICTION**

**Plaintiff**

Plaintiff, Clarence Jackson, originally filed a Petition for Damages in the Eighteenth Judicial District Court of Iberville Parish seeking recovery for injuries as a "seaman" under the Jones Act at 46 U.S.C. § 30104. Defendants, Chem Carriers, LLC and Plaquemine Point Shipyard, LLC, subsequently filed a Notice of Removal on November 30, 2018 asserting that the allegations of seaman status were "fraudulent" but did not otherwise specify a basis for removal jurisdiction. Mr. Jackson filed a Motion to Remand (Doc. 4) which is currently pending before the Court.

**Defendant**

28 U.S.C. §1333. In addition, there is jurisdiction under 28 U.S.C. §1441 *et seq* on the grounds that Plaintiff, Clarence Jackson, has fraudulently pled claims as a seaman under the terms of the Jones Act.

**B. BRIEF EXPLANATION OF THE CASE**

**Plaintiff's Claims:**

Clarence Jackson was employed by defendants, Plaquemine Point Shipyard, LLC and Chem Carriers, LLC, as a welding foreman, which required him to weld and supervise other welders on the fleet of barges and tug boats owned and operated by defendants. Mr. Jackson also

1

assisted with the movement of barges owned and operated by defendants, including traveling with and positioning barges and handling mooring lines. Sometime in September or October of 2016, Mr. Jackson sustained injuries to his shoulder and hand when he tripped and fell over a welding lead while performing his usual duties aboard a barge owned and operated by defendants.

**Defendants' Claims:**

Plaintiff has filed suit against Chem Carriers, LLC and Plaquemine Point Shipyard, LLC seeking the recovery of damages for personal injuries allegedly sustained by him on September 1, 2016 while working as a welding supervisor at a shipyard. From May 2, 2011 up through the alleged accident and thereafter, plaintiff has always been employed by Plaquemine Point Shipyard, LLC.

Nonetheless, plaintiff claims that he was employed by both defendants; was a Jones Act seaman as to both defendants; and was a member of a crew of numerous vessels which plaintiff claims were owned and operated by the defendants, without identifying any vessel whatsoever as the basis for his Jones Act status. In the alternative, plaintiff asserts claims against both defendants under Section 905(b) of the Longshore and Harbor Worker's Compensation Act.

Defendants deny that plaintiff was employed at any time hereto by Chem Carriers, LLC; that he was a Jones Act seaman as to either defendant; that he has any claims against defendants for unseaworthiness or for punitive damages, attorney's fees, penalties, or compensatory damages for the alleged arbitrary and capricious failure of the defendants to pay maintenance and cure to plaintiff. To the contrary, after plaintiff reported his accident, he received extensive medical and indemnity benefits pursuant to the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. §901 *et seq*, which were paid by the compensation carrier of Plaquemine Point Shipyard, LLC. Defendants deny that plaintiff has any rights whatsoever against Chem Carriers, LLC or that

2

plaintiff is entitled to any damages against either Defendant. In the alternative, Defendants aver that plaintiff's accident was caused as a result of fault and neglect on the part of plaintiff, including but not limited to, his failure to see what he should have seen and to exercise due care for his own safety.

The barge upon which plaintiff claims he was injuries was Barge PPS-10, which was owned by Plaquemine Point Shipyard, LLC. Except for being shifted at the shipyard twice since the early 1990's, Barge PPS-10 has been permanently moored at this shipyard for approximately 25 years and has been used primarily as a work platform and for access to other vessels which are being cleaned or repaired.

Defendants also deny that plaintiff has any right of recovery against either defendant, under Section 905(b) of the LHWCA. In the alternative, in the event that the plaintiff is entitled to recover any damages from Plaquemine Point Shipyard, LLC, that defendant has pled limitation of liability as a defense.

### C.  PENDING MOTIONS

Currently pending before this Court is a Motion to Remand (Doc. 4) filed by Mr. Jackson.

### D.  ISSUES

**Plaintiff:**

a.  The status of Mr. Jackson as a "seaman".

b.  The liability of the defendants including whether the defendants failed to provide a safe place to work; whether the defendant failed to supervise its employees; whether the defendants failed to adequately train the crew; whether the defendants failed to provide a seaworthy vessel; and

c.  The amount of damages and maintenance and cure owed to Mr. Jackson.

**Defendants:**

a.  Whether plaintiff has any claim as a matter of law against Chem Carriers, LLC

3

    b. Whether plaintiff was a Jones Act seaman at any time herein.

    c. Whether plaintiff has any right to recovery against either defendant under Section 905(b) of the Longshore and Harbor Worker's Compensation Act.

    d. Whether Barge PPS-10 was a vessel for purposes of the Jones Act or of Section 905(b) of the LHWCA.

    e. Whether there was any negligence on the part of plaintiff and defendants.

    f. The nature and extent of plaintiff's injuries and damages.

    g. In the event that plaintiff is entitled to recover damages against Plaquemine Point Shipyard, LLC, whether that defendant is entitled to limit its liability to its interest in Barge PPS-10, and her pending freight, at the time of the alleged accident.

**E. DAMAGES**

**Plaintiff's Calculation of Damages:**

Mr. Jackson seeks recovery of all past and future medical expenses, loss wages, impaired earning capacity, and general damages though plaintiff is still receiving medical care for his injuries and a final assessment of his damages cannot be made at this time. Mr. Jackson has not returned to work at this time so it is premature to calculate his wage loss through if he is unable to return to work, he may retain a vocational rehabilitation consultant and economist/CPA to calculate his wage loss.

**Defendants Calculations of Offset and/or Plaintiff's Damages**

This lawsuit has just been filed and defendants have insufficient information at this time to calculate plaintiff's damages or any offset.

**F. SERVICE**

There are no unresolved issues as to service.

**G. DISCOVERY**

    **1. Initial Disclosures:**

        a.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

            ( ) YES     ( x ) NO

        b.  Does any party object to initial disclosures?

            ( ) YES     ( X ) NO

*For any party who answered yes, please explain your reasons for objecting.*

    **2. Briefly Describe any discovery that has been completed or is in progress:**

Mr. Jackson is serving written discovery on defendants and will take depositions once all documents have been produced and any witnesses have been identified.

    **3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.**

At this time the parties do not anticipate that any protective orders or other limitations on discovery will be sought.

    **4. Discovery from experts:**

        Identify the subject matter(s) as to which expert testimony will be offered:

**By Plaintiff:** Mr. Jackson intends to call his treating physicians to provide expert testimony concerning their medical condition, history, clinical presentation, physical examination, medical testing, diagnosis, past and future medical treatment, cost of medical treatment, disability, and prognosis. Mr. Jackson may retain experts on marine safety and may also retain a vocational rehabilitation consultant and economist/CPA to prove his wage loss if he is unable to return to his former occupations or if it is determined that he will sustain an impairment of earning capacity in the future.

**By Defendants:** Medical testimony; liability issues.

H.  **PROPOSED SCHEDULING ORDER**

1. Exchanging Initial Disclosures:                              February 8, 2019

2. Joinder of Parties and/or Amendment of Pleadings             March 4, 2019

3. Filing of all discovery motions and completing all           December 2, 2019
   discovery except experts

4. Disclosure of Expert Witnesses and resumes
      Plaintiff:                                                October 30, 2019
      Defendants:                                               December 2, 2019

5. Exchange of Expert Reports
      Plaintiff:                                                December 16, 2019
      Defendants:                                               January 16, 2020

6. Completion of discovery from experts:                        February 15, 2020

7. Filing dispositive motions and Daubert motions:              March 31, 2020

8. All remaining deadlines; pretrial conference and trial date
   *(Presiding Judge to provide dates)*

I.  **TRIAL**

1. Has a demand for trial by jury been made?

   [ X ]   YES            [  ] NO

2. Estimate the number of days that trial will require: Four (4) days.

J.  **OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

   (   ) YES        ( X  ) NO

1. If the answer is *yes*, please explain.

2. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

6

    3. **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**
       ( ) YES    ( X ) NO

**K. SETTLEMENT**

Please set forth what efforts, if any, the parties have made to settle this case to date.

The parties have not discussed settlement at this time but intend to do so once Mr. Jackson's medical treatment is completed.

Do the parties wish to have a settlement conference?

( x ) YES    ( ) NO

If your answer is *yes*, at what stage of litigation would a settlement conference be most beneficial?

The parties wish to initiate discovery and take depositions before considering a settlement conference.

**L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Do all parties agree to jurisdiction by a Magistrate Judge of this court?

( ) YES    ( x ) NO

**If your response was "yes" to the preceding question, all attorneys should sign the attached form to indicate your consent.**

7

Respectfully submitted,

**BATEMAN LAW FIRM**

s/*David L. Bateman*
David L. Bateman (LSBA No. 18781)
J. Michael McDonald (LSBA No. 38340)
6700 Jefferson Highway, Building 3
Baton Rouge, LA   70808
(225) 766-8484 Telephone
(225) 766-8494 Facsimile
Email:  David@batemanlawfirm.com
              Michael@batemanlawfirm.com
*Counsel for plaintiff, Clarence Jackson*

**MOLEDOUX, BLAND, LEGRAND & BRACKETT**

s*/Georges M. Legrand*
Georges M. Legrand, (LSBA No. 8282)
Trevor M. Cutaiar (#33082)
Mouledoux, Bland, Legrand & Brackett
701 Poydras Street, Suite 4150
New Orleans, Louisiana 70139
Telephone: (504)595-3000
Facsimile: (504)522-2121
Email: glegrand@mblb.com
             tcutaiar@mblb.com
*Counsel for defendants, Chem Carriers, LLC and Plaquemine Point Shipyard, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 17, 2019, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:  None.

                                                    s/David L. Bateman