**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CLARENCE JACKSON**                                         **CIVIL ACTION**

**VERSUS**

**NO. 18-1052-BAJ-RLB**

**CHEM CARRIERS, LLC, ET AL.**

**NOTICE**

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

  **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

  Signed in Baton Rouge, Louisiana, on April 2, 2019.

                  _____
                  **RICHARD L. BOURGEOIS, JR.**
                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE JACKSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **CHEM CARRIERS, LLC, ET AL.** | **NO. 18-1052-BAJ-RLB** |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 4) filed on December 31, 2018. The motion is opposed. (R. Doc. 12). Plaintiff filed a Reply. (R. Doc. 20).

**I.   Background**

On October 26, 2018, Clarence Jackson ("Plaintiff") filed this action in the 18th Judicial District Court for Iberville Parish, Louisiana, naming as defendants Chem Carriers, L.L.C. and Plaquemine Point Shipyard, L.L.C. (collectively, "Defendants").[1] (R. Doc. 1-2, "Petition"). Plaintiff seeks recovery as a "seaman" under the Jones Act, 46 U.S.C. § 30104 and/or general maritime law, and, in the alternative, 33 U.S.C. 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). (Petition ¶¶ 1-4). Plaintiff alleges that on or about September 1, 2016, he sustained injuries when he fell on a vessel owned and operated by Defendants while it was on the Mississippi River. (Petition ¶ 5).

On November 30, 2018, Defendants removed the action to federal court. (R. Doc. 1). Defendants assert while a Jones Act claim is generally not removal in light of 28 U.S.C. § 1445(a), Plaintiff's Jones Acts claims have been "fraudulently pleaded" and, therefore, do not preclude removal. (R. Doc. 1 at 2-6). The sole basis for this Court's subject matter jurisdiction

---

[1] Plaintiff also named as a defendant the fictional entity ABC Insurance Company.

1

raised in the Notice of Removal is the admiralty jurisdiction statute, 28 U.S.C. § 1333. (R. Doc. 1).

On December 31, 2018, Plaintiff filed the instant Motion to Remand for lack of subject matter jurisdiction. (R. Doc. 4).

**II.    Arguments of the Parties**

Plaintiff argues that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1333 of a general maritime action filed in state court, and then removed to federal court, absent an independent basis for jurisdiction. (R. Doc. 4-1 at 3-7). Plaintiff also asserts that his Jones Act claim is properly pled and does not preclude removal. (R. Doc. 4-1 at 7-13).

In opposition, Defendants do not raise any arguments in support of a finding that the Court has subject matter jurisdiction under 28 U.S.C. § 1333, or any other independent basis for subject matter jurisdiction. (*See* R. Doc. 12). Defendants instead focus most of their entire argument on establishing that Plaintiff's Jones Act claim and LHWCA claim are "fraudulently plead" because the alleged incident occurred on a barge (Barge PPS-10) that is not a "vessel" for the purposes of those acts. (R. Doc. 12 at 1-13, 15-16). Defendants also argue that Plaquemine Point Shipyard, LLC is Plaintiff's only employer. (R. Doc. 12 at 14-15).

In reply, Plaintiff points out that Defendants "do not assert a proper basis of subject matter jurisdiction for the removal" of this action, or otherwise establish that the Court has an independent basis for subject matter jurisdiction. (R. Doc. 20 at 1-7). Plaintiff also addresses Defendants arguments with respect to his Jones Act claims. (R. Doc. 20 at 7-14).

**III.   Law and Analysis**

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal subject matter jurisdiction exists.

2

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The federal removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Federal district courts have original jurisdiction over admiralty and maritime cases, "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333.

Prior to the 2011 amendment, 28 U.S.C. § 1441 provided, in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2011). Under this previous version, the Fifth Circuit recognized that "[e]ven though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959)). "Instead, such lawsuits are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims

3

. . . and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship." *Barker*, 713 F.3d at 219 (citing *Romero*, 358 U.S. at 277-79; *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991)).

28 U.S.C. § 1441 was amended pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 1441, 125 Stat. 758, 759 (2011) ("JCVA"), and now provides the following:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441. (2011).

The Fifth Circuit has acknowledged, without ruling on the issue, that "[t]here is disagreement among district courts in this circuit . . . regarding whether general maritime claims are removable, even absent an independent basis for jurisdiction, in light of Congress's December 2011 amendment to 28 U.S.C. § 1441(b)." *Riverside Const. Co., Inc. v. Entergy Mississippi, Inc.*, 15–60252, 626 Fed. Appx. 443, 447, 2015 WL 5451433, at *3 (5th Cir. Sept. 17, 2015) (unpublished). The disagreement between district courts, including within this Court, stems from the decision in *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. May 13, 2013), which concluded that changes to the second sentence of 28 U.S.C. § 1441(b) . . .

4

removed the statutory basis for the non-removability of admiralty claims in the absence of another basis for jurisdiction as stated by the Fifth Circuit. Some decisions, including some from this district, initially followed the *Ryan* decision.[2]

More recently, a district judge in this district remanded a general maritime action on the basis that the saving to suitors clause requires an independent basis for federal jurisdiction, which was not present in the action. *See Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804, 807 (M.D. La. 2015). The judge specifically noted that a "growing chorus of district courts that have concluded that the JVCA did not upset the long-established rule that general maritime law claims, saved to suitors, are not removable to federal court, absent some basis for original federal jurisdiction other than admiralty." *Id.* (quoting *Serigny v. Chevron U.S.A., Inc.*, No. 14-0598, 2014 WL 6982213, at *4 (W.D. La. Dec. 9, 2014)). The Fifth Circuit has more recently noted, while again not ruling on the issue, that the "vast majority of district courts considering the question have maintained that such lawsuits are not removable." *Sangha v. Navig8 Ship Management PTE LTD*, 882 F.3d 96 (5th Cir. 2018) (citing *Langlois*, 139 F. Supp. 3d at 809-10) (collecting cases). The Court finds no basis for deviating from the *Langlois* ruling and the majority rule. Accordingly, the Court does not have subject matter jurisdiction over this action based solely on 28 U.S.C. § 1333.

In addition to failing to raise any argument in support of a finding that the Court has jurisdiction under 28 U.S.C. § 1333, Defendants fail to identify any other source for this Court's

---

[2] *See, e.g.*, *Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, No. 14-1147, 2014 WL 2739309, at *2 (S.D. Tex. June 17, 2014), *remanded on other grounds on reconsideration*, No. 1147, 2014 WL 4167807 (S.D. Tex. Aug. 20, 2014); *Provost v. Offshore Service Vessels, LLC*, No. 14-89, 2014 WL 2515412, at *3 (M.D. La. June 4, 2014); *Garza v. Phillips 66 Company*, No. 13-742, 2014 WL 1330547, at *4 (M.D. La. April 1, 2014); *Carrigan v. M/V AMC Ambassador*, No. 13-03208, 2014 WL 358353, at *2 (S.D. Tex. Jan. 31, 2014); *Bridges v. Phillips 66 Co.*, No. 13-477, 2013 WL 6092803, at *5 (M.D. La. Nov. 19, 2013); *Wells v. Abe's Boat Rentals Inc.,* 2013 WL 3110322, at *3 (S.D. Tex. June 18, 2013).

subject matter jurisdiction.  Defendants do not argue, for example, that there is diversity jurisdiction under 28 U.S.C. § 1332[3] or federal question jurisdiction under 28 U.S.C. § 1331.

Instead, Defendants focus their argument on establishing that Plaintiff has "fraudulently plead" his Jones Act claim.  Jones Act claims are non-removable pursuant to 28 U.S.C. § 1445(a).  *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001).  The Fifth Circuit has recognized that in certain circumstances "defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).  The Court need not determine whether Plaintiffs' Jones Act claim precludes removal in this action.  Even if Plaintiffs' Jones Act claim is indeed fraudulent pled, and therefore removal is not precluded by 28 U.S.C. § 1445(a), Defendants still do not assert any independent basis for subject matter jurisdiction, which is required despite a finding that a fraudulently pled Jones Act claim does make the action non-removable.  *See Reilly v. Total E&P USA, Inc.*, No. 18-2683, 2018 WL 6782824 (S.D. Tex. Dec. 19, 2018) (remanding action for lack of subject matter jurisdiction where the plaintiff alleged both a Jones Act claim and general maritime claim, but no independent basis for subject matter jurisdiction, despite the defendant's argument that the Joes Act claim was fraudulently pleaded); *see also Hufnagel v. Omega Sevices Industries, Inc.*, 182 F.3d 340, 346 (5th Cir. 1999) (affirming denial of motion to remand on basis that fraudulently pled Jones Act claim did not preclude removal and the Court had federal question jurisdiction in light of an OCSLA claim); *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995) (affirming denial of motion to remand on basis that fraudulently pled Jones Act claim did not preclude removal and the Court had diversity jurisdiction over the action).

---

[3] Plaintiff asserts that there is not complete diversity in this action. (R. Doc. 4-1 at 4).

6

Plaintiff also alleges in the alternative that he "brings this action pursuant to 33 U.S.C. 905(b)," or Section 905(b) of the LHWCA. (Petition ¶ 4). Defendants raise no arguments in support of a finding that Section 905(b) of the LHWCA independently supports subject matter jurisdiction in this action. On the contrary, Defendants argue, as they did with respect to the Jones Act claim, that the LHWCA claim is "fraudulently plead" because the barge at issue is not a vessel. (R. Doc. 12 at 13-14). At any rate, Section 905(b) of the LHWCA "is not a grant of federal subject matter jurisdiction; rather, § 905(b) 'only authorizes a cause of action when [admiralty] jurisdiction already exists'." *Efferson v. Kaiser Aluminum & Chem. Corp.*, 816 F. Supp. 1103, 1114 (E.D. La. 1993) (quoting *Margin v. Sea-Land Services, Inc.*, 812 F.3d 973, 975 (5th Cir. 1987)).

### IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 4) be **GRANTED**, and the action be **REMANDED** to the 18th Judicial District Court for Iberville Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on April 2, 2019.

_____
 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**

7